ARIEL PIERRE CALONNE, State Bar No. 110268
acalonne@ci.ventura.ca.us
City Attorney
ANDY H. VIETS, State Bar No. 127089
aviets@ci.ventura.ca.us
Assistant City Attorney
CITY OF SAN BUENAVENTURA
501 Poli Street
Post Office Box 99
Ventura, California 93002-0099
Telephone: (805) 654-7818
Facsimile: (805) 641-0253

Attorneys for Defendants
CITY OF SAN BUENAVENTURA
[erroneously sued and served as "The City of San Buenaventura" and "The San Buenaventura Police Department"]
And OFFICER ROGELIO NUNEZ

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. MARTIN, an individual, | Case No.: 2:09-cv-07926-CBM(RCx) |
| Plaintiff, | |
| vs. | **ANSWER TO COMPLAINT FOR DAMAGES** |
| THE CITY OF SAN BUENAVENTURA, THE SAN BUENAVENTURA POLICE DEPARTMENT, OFFICER ROGELIO NUNEZ, and DOES 1-10, Inclusive, | |
| Defendants. | |

1

Defendants CITY OF SAN BUENAVENTURA ("City") and OFFICER ROGELIO NUNEZ ("Nunez") answer the Complaint for Damages of plaintiff JAMES M. MARTIN as follows:

## RESPONSE TO ALLEGATIONS

1. Answering paragraph 1 of the Complaint, these answering defendants admit the plaintiff is making the contentions alleged therein.

2. Answering paragraph 2 of the Complaint, these answering defendants admit that this is a court which has subject matter jurisdiction over this action.

3. Answering paragraph 3 of the Complaint, these answering defendants admit that this court is a proper venue for this action.

4. Answering paragraph 4 of the Complaint, these answering defendants have insufficient facts to admit or deny the allegations made therein.

5. Answering paragraph 5 of the Complaint, these answering defendants admit the allegations made therein.

6. Answering paragraph 6 of the Complaint, these answering defendants deny that the Ventura Police Department is a "public entity" (it is a department of a public entity), but admit the remainder of the allegations therein.

7. Answering paragraph 7 of the Complaint, these answering defendants deny the allegations made therein as they are overbroad.

8. Answering paragraph 8 of the Complaint, these answering defendants have insufficient facts to admit or deny the allegations made therein.

9. Answering paragraph 9 of the Complaint, these answering defendants admit the allegations in the first sentence, deny that Nunez is being sued "individually" as that term is vague and ambiguous, and admit that Nunez is being sued in his capacity as a City police officer.

10. Answering paragraph 10 of the Complaint, these answering defendants have insufficient facts to admit or deny the allegations made therein.

///

11. Answering paragraph 11 of the Complaint, these answering defendants admit that the plaintiff is making the allegations in the first two sentences and admit that that Nunez was acting in the course and scope of his employment at the time of the incident giving rise to this lawsuit.

12. Answering paragraph 12 of the Complaint, these answering defendants have insufficient facts to admit or deny the allegations made therein.

13. Answering paragraph 13 of the Complaint, these answering defendants have insufficient facts to admit or deny the allegations made therein.

14. Answering paragraph 14 of the Complaint, these answering defendants deny the allegations made therein with respect to themselves; as to other defendants, these answering defendants have insufficient facts to admit or deny the allegations made therein.

15. Answering paragraph 15 of the Complaint, these answering defendants deny the allegations made therein.

16. Answering paragraph 16 of the Complaint, these answering defendants admit the allegations of the first sentence, deny the first phrase of the second sentence, and admit the second phrase of the second sentence.

17. Answering paragraph 17 of the Complaint, these answering defendants have insufficient facts to admit or deny the allegations made therein, as they are vague, ambiguous and overbroad.

18. Answering paragraph 18 of the Complaint, these answering defendants have insufficient facts to admit or deny the allegations made therein, as they are vague, ambiguous and overbroad.

19. Answering paragraph 19 of the Complaint, these answering defendants have insufficient facts to admit or deny the allegations made therein, as they are vague, ambiguous and overbroad.

///

///


1200

20. Answering paragraph 20 of the Complaint, these answering defendants have insufficient facts to admit or deny the allegations made therein, as they are vague, ambiguous and overbroad.

21. Answering paragraph 21 of the Complaint, these answering defendants have insufficient facts to admit or deny the allegations made in the first sentence, as they are vague, ambiguous and overbroad, and deny the allegations made in the second sentence.

22. Answering paragraph 22 of the Complaint, these answering defendants have insufficient facts to admit or deny the allegations made therein, as they are vague, ambiguous and overbroad.

23. Answering paragraph 23 of the Complaint, these answering defendants have insufficient facts to admit or deny the allegations made therein, as they are vague, ambiguous and overbroad.

24. Answering paragraph 24 of the Complaint, these answering defendants have insufficient facts to admit or deny the allegations made therein, as they are vague, ambiguous and overbroad.

25. Answering paragraph 25 of the Complaint, these answering defendants have insufficient facts to admit or deny the allegations made therein, as they are vague, ambiguous and overbroad.

26. Answering paragraph 26 of the Complaint, these answering defendants have insufficient facts to admit or deny the allegations made therein, as they are vague, ambiguous and overbroad.

27. Answering paragraph 27 of the Complaint, these answering defendants deny the allegations made therein.

28. Answering paragraph 28 of the Complaint, these answering defendants have insufficient facts to admit or deny the allegations in the second sentence.

29. Answering paragraph 29 of the Complaint, these answering defendants deny the allegations made therein.

Answer to Complaint for Damages

30. Answering paragraph 30 of the Complaint, these answering defendants admit that the plaintiff is making the allegations made in the first sentence, and have insufficient facts to admit or deny the allegations made in the second sentence, as they are vague, ambiguous and overbroad.

31. Answering paragraph 31 of the Complaint, these answering defendants hereby incorporate their above responses to paragraphs 1-30 of the Complaint.

32. Answering paragraph 32 of the Complaint, these answering defendants deny the allegations made therein.

33. Answering paragraph 33 of the Complaint, these answering defendants deny the allegations made therein.

34. Answering paragraph 34 of the Complaint, these answering defendants deny the allegations therein.

35. Answering paragraph 35 of the Complaint, these answering defendants deny the allegations made therein.

36. Answering paragraph 36 of the Complaint, these answering defendants admit that the plaintiff is seeking such damages.

37. Answering paragraph 37 of the Complaint, these answering defendants hereby incorporate their above responses to paragraphs 1-36 of the Complaint.

38. Answering paragraph 38 of the Complaint, these answering defendants deny the allegations made therein, as they are vague, ambiguous and overbroad).

39. Answering paragraph 39 of the Complaint, these answering defendants deny the allegations made therein.

40. Answering paragraph 40 of the Complaint, these answering defendants deny the allegations made therein.

41. Answering paragraph 41 of the Complaint, these answering defendants admit that the plaintiff is claiming such damages.

42. Answering paragraph 42 of the Complaint, these answering defendants deny the allegations made therein.

Answer to Complaint for Damages

43. Answering paragraph 43 of the Complaint, these answering defendants deny the allegations made therein.

44. Answering paragraph 44 of the Complaint, these answering defendants deny the allegations made therein.

45. Answering paragraph 45 of the Complaint, these answering defendants hereby incorporate their above responses to paragraphs 1-44 of the Complaint.

46. Answering paragraph 46 of the Complaint, these answering defendants deny the allegations made therein.

47. Answering paragraph 47 of the Complaint, these answering defendants deny the allegations made therein.

48. Answering paragraph 48 of the Complaint, have insufficient facts to admit or deny the allegations made therein, as they are vague, ambiguous and overbroad.

49. Answering paragraph 49 of the Complaint, these answering defendants admit that the plaintiff is making such claims.

50. Answering paragraph 50 of the Complaint, these answering defendants hereby incorporate their above responses to paragraphs 1-49 of the Complaint.

51. Answering paragraph 51 of the Complaint, these answering defendants deny the allegations made therein.

52. Answering paragraph 52 of the Complaint, these answering defendants hereby incorporate their above responses to paragraphs 1-51 of the Complaint.

53. Answering paragraph 53 of the Complaint, these answering defendants with respect to themselves deny the allegations made therein.

54. Answering paragraph 54 of the Complaint, these answering defendants deny the allegations made therein.

55. Answering paragraph 55 of the Complaint, these answering defendants hereby incorporate their above responses to paragraphs 1-54 of the Complaint.

56. Answering paragraph 56 of the Complaint, these answering defendants deny the allegations made therein.

57. Answering paragraph 57 of the Complaint, these answering defendants deny the allegations made therein.

58. Answering paragraph 58 of the Complaint, these answering defendants deny the allegations made therein.

59. Answering paragraph 59 of the Complaint, these answering defendants deny the allegations made therein.

## AFFIRMATIVE DEFENSES

1. At all times herein mentioned, plaintiff knew of the risks involved in his actions and conduct, and with full knowledge of such risks and appreciating the dangers thereof, nevertheless voluntarily assumed such risks; that by reason of the premises, plaintiff is barred from recovery herein.

2. The incident mentioned in plaintiff's Complaint and the resultant damages and/or injuries, if any, sustained by plaintiff, were directly and proximately caused and contributed to by the negligence, carelessness, and/or recklessness of the plaintiff in that at about the time and place set forth in plaintiff's Complaint, the plaintiff failed to use due care and caution and circumspection for his own safety and the damages, if any, recoverable by said plaintiff shall be and will be diminished in proportion to the amount of fault attributable to said plaintiff.

3. These answering defendants allege that any injury or damage, or loss, if any, complained of by the plaintiff herein was not only proximately caused and contributed to, but was solely, directly and proximately caused by negligence on the part of plaintiff in that plaintiff did not exercise ordinary care on her own behalf at the time and place as set forth in the Complaint on file herein.

4. The injuries and damages alleged by plaintiff, if any, were proximately caused by the negligence and liability of other parties, and defendants request that an allocation of such negligence and liability be made among such other parties, and that if any liability is found on the part of defendants, that judgment against defendants be

7

Answer to Complaint for Damages

only in the amount which is proportionate to the extent and percentage by which defendants' acts or omissions contributed to plaintiff's injuries or damages.

7. With respect to the third, fourth and fifth claims in the Complaint, to the extent that the Complaint herein purports to state causes of action not specifically allowed by the California Government Code, defendants are immune from liability herein under the provisions of *Government Code* §815.

8. To the extent that the injury herein resulted from an act or omission of defendants' employees wherein such employees are immune from liability by reason of the immunities alleged in this answer, defendants are immune from liability under the provisions of *Government Code* §815.2(b).

9. To the extent that the FAC herein is based upon defendants' liability for the act of an independent contractor, defendants allege that had such act or omission been that of defendants' employee, defendants would have no liability by reason of the defenses and immunities alleged in this answer, and that defendants are therefore immune from liability herein under the provisions of *Government Code* §815.4.

10. To the extent that the Complaint herein is based upon defendants' failure to discharge a mandatory duty, defendants are immune from liability herein by reason of its exercise of reasonable diligence in discharging the duty, under the provisions of *Government Code* §815.6.

11. To the extent that the Complaint herein is based upon defendants', or its employees', adopting, failing to adopt, or failing to enforce, an enactment or any law, defendants are immune from liability herein under the provisions of *Government Code* §818.2 and §821.

12. The acts or omissions complained of in the Complaint herein, were the result of the exercise of the discretion vested in public employees, while acting in the scope of their public employment, and whether or not such discretion was abused, the City is immune from liability herein under the provisions of *Government Code* §820.2.

///

13. Any acts or omissions herein were made by public employees, exercising due care, in the execution of law, and defendants are, therefore, immune from liability herein under the provisions of *Government Code* §820.4.

14. Any acts or omissions herein were those of another person, and these answering defendants are therefore, immune from liability herein under the provisions of *Government Code* §820.8.

15. Plaintiff has failed to comply with the claims presentation requirements of *Government Code* §900 et seq., including particularly §901, §905, §910, §911.2, §911.4, §945.4, §946.6 and §950.2.

16. At all times herein mentioned, any injury to plaintiff arose out of the course of employment, for which plaintiff has, or is entitled to receive, workers' compensation benefits; plaintiff's employer and its employees, including plaintiff, were acting within the scope of their said employment, and were themselves negligent in that they failed to exercise ordinary care under the circumstances, failed to provide plaintiff with a safe place of employment, failed to comply with certain other safety requirements, and otherwise acted in willful and wanton disregard for the safety of plaintiff and others; that said wrongful conduct proximately caused any injuries and damages to plaintiff; by reason of the premises, any recovery by plaintiff must be reduced by the amount of workers' compensation benefits paid to or to be paid.

17. Plaintiff has failed to mitigate his damages and/or injuries.

18. The Complaint, and each of its claims, fails to state facts sufficient to constitute a cause of action.

19. The Complaint barred by the qualified immunity doctrine.

20. The Complaint is barred by *Civil Code* §43.55 and *Penal Code* §847.

### **REQUEST FOR JURY TRIAL**

Defendants hereby demand a jury trial.

///

///

# PRAYER

Wherefore, CITY OF SAN BUENAVENTURA and OFFICER ROGELIO NUNEZ pray:

1. That the Complaint be dismissed and that plaintiff take nothing;
2. For attorneys fees and costs; and
3. For such other and further relief as the Court deems just and proper.

Dated: April 13, 2010

Office of the City Attorney
City of San Buenaventura

By: _____
Andy H. Viets
Assistant City Attorney
Attorneys for Defendants
CITY OF SAN BUENAVENTURA, and OFFICER ROGELIO NUNEZ