ARIEL PIERRE CALONNE, State Bar No. 110268
acalonne@ci.ventura.ca.us
City Attorney
ANDY H. VIETS, State Bar No. 127089
aviets@ci.ventura.ca.us
Assistant City Attorney
CITY OF SAN BUENAVENTURA
501 Poli Street
Post Office Box 99
Ventura, California 93002-0099
Telephone: (805) 654-7818
Facsimile: (805) 641-0253

Alan E. Wisotsky (SBN 68051)
Dirk DeGenna (SBN 188972)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California 93036
Tel:   (805) 278-0920
Fax:   (805) 278-0289
E-mail: lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF SAN BUENAVENTURA [erroneously sued and served as "The City of San Buenaventura" and "The San Buenaventura Police Department"] and OFFICER ROGELIO NUNEZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES M. MARTIN, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>THE CITY OF SAN BUENAVENTURA, THE SAN BUENAVENTURA POLICE DEPARTMENT, OFFICER ROGELIO NUNEZ, and DOES 1-10, inclusive,<br><br>  Defendants. | No. CV09-07926 CBM (AGRx)<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

THE PARTIES HEREBY STIPULATE, through their counsel of record, to the following protective order, subject to the approval of the Court:

1. The documents subject to this agreement are documents responsive to Plaintiff's Request for Production of Documents to City of San Buenaventura (Set One); Plaintiff's Request for Production of Documents to San Buenaventura Police Department (Set One), and Plaintiff's Request for Production of Documents to Officer Rogelio Nunez (Set One). Defendants have responded with objections to portions of the request in item Nos. 1 - 8, 15, 16, 20, 24 and 50 in Plaintiff's Request for Production of Documents to City of San Buenaventura (Set One); Nos. 1 - 8, 15, 16, 20, 24 and 50 in Plaintiff's Request for Production of Documents to San Buenaventura Police Department (Set One); and Nos. 1 - 3, 5, 7, 8, 11, 12, 14, 19 - 21, 23 and 25 in Plaintiff's Request for Production of Documents to Officer Rogelio Nunez (Set One), and served a privilege log for documents and things for which defendants assert various privileges.

2. The parties agree that the documents and items delineated in the privilege log are the proper subject of a privilege. The parties further request that this Court find the following information to be confidential:

    a. Rogelio Nunez's training logs (01018-01023);

    b. Documents regarding job performance and evaluations, job history, background, and discipline of Rogelio Nunez (01024-01141 and 01301-01306);

    c. Administrative Investigation OIS 08-06 (01142-01279);

    d. Compact disk containing Internal Affairs interview of Rogelio Nunez (01671).

The parties agree that the documents referenced in paragraphs 2 above, are the proper subject of a privilege and request that this Court find the documents produced pursuant to this stipulation to be confidential.

3. Defendants may redact personal and irrelevant confidential information related to the defendants and third parties not related to the incident that is the subject matter of this litigation, contained in such personnel files and documents, such as, but

not limited to, home addresses, phone numbers, names of family members, personal injury and workers' compensation information, salary information, tax return information, non-police-related occupational and educational information, and similar information.

4. The parties agree that the Court may modify this protective order at any time for good cause shown and upon notice to the affected parties. The parties themselves may further stipulate to add or delete documents or information subject to this protective order.

5. The parties agree that the defendants may produce the documents referenced in this protective order subject to the following protections:

    a. All such documents, writings, and information will be considered confidential information. This confidential information shall be used solely in connection with this case and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose.

    b. Said documents and information shall not be disclosed by plaintiff or his attorney to anyone other than:

        i. The plaintiff's attorney and his staff;

        ii. Any expert or consultant hired or retained by plaintiff or his attorney;

        iii. Any judge or magistrate judge presiding over any aspect of this action;

        iv. Any mediator or other settlement officer agreed to or appointed to assess and evaluate the dispute;

        v. Subject to the below exceptions, any witnesses disclosed by any party pursuant to Rule 26(a)(1), (2), and (3) of the Federal Rules of Civil Procedure and local rules, or any deponent in the course of testifying or preparing for

1 testimony.

6. It is hereby agreed that the materials contained in the personnel files of defendant Rogelio Nunez shall not be provided to or viewed by the plaintiff, the plaintiff's family, or friends of the plaintiff.

7. Further, such documents and information shall not be provided to news media, television, radio, or placed on the Internet.

8. All persons to whom said documents are disclosed will be apprised of this stipulation and of its binding nature on all persons connected with this case.

9. To the extent that any confidential information is disclosed to a witness pursuant to this order, the documents shall be appropriately marked "Confidential Document produced in *Martin v. City of San Buenaventura, et al.*, subject to protective order."

10. Confidential information shared with or otherwise disclosed to witnesses shall be destroyed or returned to the disclosing party at the conclusion of this action.

11. Defendants make no concession as to the admissibility of such items herein disclosed and reserve the right to seek exclusion of any such items or the information contained therein or their existence either in limine or during trial.

12. Disclosure of said documents shall be made within ten days of receipt by defendants of a signed and conformed order of the Court.

**IT IS SO STIPULATED.**

Date: July __, 2011

_____
BRIAN A. VOGEL
Attorney for Plaintiff

Date: July __, 2011

_____
DAVID R. RING
Attorney for Plaintiff

Date: July 28, 2011

_____
DIRK DeGENNA
Attorney for Defendants

Date: July __, 2011

_____
ANDY H. VIETS
Attorney for Defendants

testimony.

6. It is hereby agreed that the materials contained in the personnel files of defendant Rogelio Nunez shall not be provided to or viewed by the plaintiff, the plaintiff's family, or friends of the plaintiff.

7. Further, such documents and information shall not be provided to news media, television, radio, or placed on the Internet.

8. All persons to whom said documents are disclosed will be apprised of this stipulation and of its binding nature on all persons connected with this case.

9. To the extent that any confidential information is disclosed to a witness pursuant to this order, the documents shall be appropriately marked "Confidential Document produced in *Martin v. City of San Buenaventura, et al.*, subject to protective order."

10. Confidential information shared with or otherwise disclosed to witnesses shall be destroyed or returned to the disclosing party at the conclusion of this action.

11. Defendants make no concession as to the admissibility of such items herein disclosed and reserve the right to seek exclusion of any such items or the information contained therein or their existence either in limine or during trial.

12. Disclosure of said documents shall be made within ten days of receipt by defendants of a signed and conformed order of the Court.

IT IS SO STIPULATED.

Date: July 20, 2011        _____
                           BRIAN A. VOGEL
                           Attorney for Plaintiff

Date: July 20, 2011        _____
                           DAVID R. RING
                           Attorney for Plaintiff

Date: July __, 2011        _____
                           DIRK DeGENNA
                           Attorney for Defendants

Date: July __, 2011        _____
                           ANDY H. VIETS
                           Attorney for Defendants

4

1 testimony.

2     6.    It is hereby agreed that the materials contained in the personnel files of defendant Rogelio Nunez shall not be provided to or viewed by the plaintiff, the plaintiff's family, or friends of the plaintiff.

    7.    Further, such documents and information shall not be provided to news media, television, radio, or placed on the Internet.

    8.    All persons to whom said documents are disclosed will be apprised of this stipulation and of its binding nature on all persons connected with this case.

    9.    To the extent that any confidential information is disclosed to a witness pursuant to this order, the documents shall be appropriately marked "Confidential Document produced in *Martin v. City of San Buenaventura, et al.*, subject to protective order."

    10.    Confidential information shared with or otherwise disclosed to witnesses shall be destroyed or returned to the disclosing party at the conclusion of this action.

    11.    Defendants make no concession as to the admissibility of such items herein disclosed and reserve the right to seek exclusion of any such items or the information contained therein or their existence either in limine or during trial.

    12.    Disclosure of said documents shall be made within ten days of receipt by defendants of a signed and conformed order of the Court.

**IT IS SO STIPULATED.**

Date: July __, 2011

_____
BRIAN A. VOGEL
Attorney for Plaintiff

Date: July __, 2011

_____
DAVID R. RING
Attorney for Plaintiff

Date: July __, 2011

_____
DIRK DeGENNA
Attorney for Defendants

Date: July 26, 2011

_____
ANDY H. VIETS
Attorney for Defendants

4

**IT IS SO ORDERED.**
DATED: August 2, 2011

*Alicia G. Rosenberg*
UNITED STATES MAGISTRATE JUDGE